IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 6:08-cr-00309-TMC |
| vs. | **OPINION & ORDER** |
| Chad Allen Waters, | |
| Movant. | |

This matter is before the court on Chad Allen Waters's ("Waters") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] (Dkt. No. 191.)

## I. BACKGROUND

On June 25, 2008, Waters pled guilty to conspiracy to distribute OxyContin, a controlled substance. (Dkt. No. 90.) As a result, on December 4, 2008, the court sentenced him to 44 months imprisonment. (Dkt. No. 129.) Waters did not seek a direct appeal of his conviction or sentence.

Waters filed the motion now before the court on February 16, 2012. Waters readily admits that he is time barred from filing a § 2255 petition, but asserts that his sentence warrants review under a 2010 Supreme Court decision.

## II. LEGAL STANDARD

United States Code, Title 28, Section 2255, provides for a one year limitations period, running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[1] Although Waters originally filed a petition under 28 U.S.C. § 2241, after notice to Waters and time to respond, the court recharacterized the petition as a § 2255 motion. (Dkt. No. 192.)

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In addition, under § 2255(f)(1), a federal conviction becomes final with the expiration of time to file a writ of certiorari. *See Clay v. United States*, 537 U.S. 522 (2003).

Generally, the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *United States v. Sexton*, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying *Hill* to a § 2255 petition). However, a court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." *Hill*, 277 F.3d at 707.

### III. Discussion

As Waters admits in his motion, § 2255(f)(1) clearly bars this action. This 2012 motion is well outside of the one year limitations period that began to run after Waters's 2008 conviction. In addition, §§ 2255(f)(2) and (4) do not appear to apply in this case. But, Waters argues that his motion is timely under § 2255(f)(3). In support, he relies on *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), asserting that the Supreme Court's holding in that case created a new right, impacting the way the sentencing guidelines should apply to his case.

But, even if the Supreme Court did recognize a relevant new right in *Carachuri-Rosendo* and made that right retroactively applicable to cases on collateral review, it did so on June 14, 2010. So, Waters had until June 14, 2011 to assert that right in this court. However, Waters failed to assert the alleged right until his 2012 motion. Therefore, the court finds that Waters's § 2255 motion is time barred.

Also, because Waters not only knew about the limitations period and failed to assert any additional facts or arguments suggesting that equitable tolling would be appropriate, but also intentionally misfiled his petition as a § 2241 motion to dodge the limitations period issue, the court finds that this petition cannot be salvaged by equitable tolling principles. Therefore, Waters's § 2255 motion (Dkt. No. 191) is dismissed.

**IT IS SO ORDERED**.

                                                                  s/Timothy M. Cain
                                                                   United States District Judge

Anderson, South Carolina
December 20, 2012

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has a right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.