IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:08-309-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Ray Allen Waters, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Ray Allen Waters' ("Waters") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court summarily dismisses Waters' motion.

On June 25, 2008, Waters pled guilty to one count of conspiracy to distribute Oxycodone and Roxicodone and one count of possessing a firearm in furtherance of a drug trafficking crime. He was sentenced on December 17, 2008, to one hundred and one months' imprisonment. Judgment was entered on January 7, 2009. Waters filed a notice of appeal on March 13, 2012, which was dismissed as untimely on August 14, 2012. On March 20, 2013, Waters filed the instant motion seeking to vacate his conviction under § 2255, arguing that his counsel rendered ineffective assistance in failing to (1) advise him "that he had a chance at trial to be found guilty on a lesser included offense of possession of a firearm by [a] convicted felon" and (2) object to the enhancement of his sentence based on an uncounseled prior conviction for loitering. (Waters § 2255 Mot. Attach 1 (Claims), ECF No. 217-1.) Waters relies on the Fourth Circuit's decisions, Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), in support of his argument. Lafler, 132 S. Ct. at 1390-91 (finding ineffective

1

assistance of counsel when counsel advised the defendant to reject a plea offer and defendant received a more severe penalty after trial); Frye, 132 S. Ct. at 1409 (finding ineffective assistance of counsel when counsel failed to disclose a prosecutor's plea offer to the defendant).

Upon review, the court finds that Waters' motion is time-barred. A federal inmate seeking habeas relief under § 2255 is subject to a one-year statute of limitations. The one-year period to file a § 2255 motion commences upon the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Judgment was entered on January 7, 2009. Because Waters failed to pursue a timely direct appeal, his conviction became final ten days after entry of judgment.[1] United States v. Johnson, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000) (unpublished); White v. United States, Civil Action No. 7:06cv00606, 2007 WL 2021895, at *2 (W.D. Va. July 10, 2007) (noting that an "untimely filed appeal had no effect on when judgment in [] criminal case became final and does not toll the statute of limitations") (unpublished). However, Waters

---

[1] At the time of Waters' sentencing, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provided that a defendant in a criminal case had ten days after entry of judgment to file a notice of appeal with the district court. Rule 4(b)(1)(A) was subsequently amended, and effective December 1, 2009, a criminal defendant now has fourteen days to file a notice of appeal.

waited until March 20, 2013, to file the instant motion. Waters argues that his motion is timely pursuant to § 2255(f)(4).

Waters contends that the instant "motion is timely filed pursuant to [§ 2255](f)(4) which provide[]s that the statute of limitations runs one year from 'the date on which the facts supporting the claims or claims presented could have been discovered through the exercise of due diligence.'" (Waters § 2255 Mot. Attach. 2 (Timeliness of Motion), ECF No. 217-2.) Thus, Waters argues that the one-year statute of limitations began to run on the date <u>Frye</u> and <u>Lafler</u> were decided, March 21, 2012. This argument is unavailing. "Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered" with due diligence. <u>Madaio v. United States</u>, No. 09-16474, 2010 WL 3719070, at *2 (11th Cir. Sept. 24, 2010) (unpublished) (explaining that "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period"). A fact is "subject to proof or disproof" and is defined as "an actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation." <u>Tellado v. United States</u>, 799 F. Supp. 2d 156, 163 (D. Conn. 2011) (rejecting argument that a new legal opinion can delay the limitations period under § 2254(f)(4)). A court decision articulating a new legal ground that could support a claim for habeas relief is incapable of empirical proof or disproof and therefore does not constitute a new "fact" for purposes of § 2255(f)(4). Consequently, § 2255(f)(4) is inapplicable to Waters' motion.

In addition, § 2255(f)(3) does not apply. Section 2255(f)(3) provides that a movant has one year to bring his claim from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review." § 2255(f)(3). However, "*Lafler* and *Frye* did not announce a new rule of constitutional law, and [Waters] does not establish the cases retroactively apply to collateral review proceedings. Courts addressing this issue have held that neither case created a new constitutional right to be applied retroactively." Linton v. United States, Nos. JKB-13-323, JKB-98-258, 2013 WL 599563, at *1 (D. Md. Feb. 14, 2013) (unpublished) (citing United States v. Lawton, No. 12-3240, 2012 WL 6604576, at *3 (10th Cir. Dec. 19, 2012) (unpublished); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012); In re Perez, 682 F.3d 930, 933 (11th Cir. 2012)). Based on the foregoing, the limitations period commenced the day on which Waters' conviction became final. § 2255(f)(1). Thus, it is barred by § 2255's one-year statute of limitations.[2]

Although the limitations period is not subject to statutory tolling, Waters' motion may nevertheless be timely if he can demonstrate that he is entitled to equitable tolling of the

---

[2] Generally, the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, in response to Hill, the Administrative Office of the United States Courts modified the § 2255 forms in December 2004. Question 18 asks movants to explain why the motion is not time-barred if filed more than one year after entry of judgment of conviction. Waters argues that his motion is timely under § 2255(f)(4). The court finds that Waters was provided sufficient notice and opportunity to respond. See Hughes v. United States, C/A No. 6:10-cv-70240-GRA, 2011 WL 98373, at **3-4 (D.S.C. Jan. 12, 2011) (unpublished); Flores v. United States, Criminal Case No. 1:05cr32-2, Civil No. 1:10cv53, 2010 WL 3122666, at *2 (W.D.N.C. Aug. 9, 2010) (unpublished). Further, the court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." Hill, 277 F.3d at 707. As discussed more fully above, Waters' claims are without merit.

limitations period. A federal inmate is entitled to equitable tolling of § 2255's statute of limitations only upon a showing that (1) he has pursued his rights diligently and (2) some extraordinary circumstance precluded a timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling of the limitations period is appropriate when wrongful conduct on the part of the opposing party prevented the movant from filing a motion, or extraordinary circumstances beyond the movant's control made it impossible to timely file a motion. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). A mere change of law "does not constitute extraordinary circumstances." Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007); see also United States v. Vazquez, Criminal Action No. 5:10CR00021, Civil Action No. 5:12CV80421, 2012 WL 5194322, at *2 (W.D. Va. Oct. 19, 2012) (finding no extraordinary circumstances to warrant equitable tolling where defendant argued counsel was ineffective based on Lafler and Frye). Moreover, his claims are without merit. Possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) is not a lesser included offense of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). Waters was charged in count two of the indictment with being a felon in possession of a firearm, which was a wholly separate charge from count three charging possession of a firearm in furtherance of a drug trafficking crime. Count two was dismissed when Waters pled guilty to counts one and three. Thus, this claim is wholly without merit.

Further, Waters argues that his sentence was enhanced by an uncounseled loitering charge. The presentence investigation report ("PSR") does not attribute any criminal history points on the April 22, 2005 loitering charge, and further, Waters was attributed only one criminal history point for a prior conviction for possession of crack cocaine on October 19,

1999.  (PSR ¶¶ 28, 32, ECF No. 104.)  The PSR indicates that Waters "pled guilty with attorney representation" to this charge.  (<u>Id.</u>)  Based on the foregoing, there is no evidence that Waters' sentence was enhanced for an uncounseled loitering charge.  (<u>Id.</u> ¶ 32.)  Waters has failed to articulate the existence of extraordinary circumstances that impeded his ability to file a timely habeas motion.  Therefore, the court concludes that he is not entitled to equitable tolling of the one-year limitations period.  Based on the foregoing, the court summarily dismisses Waters' § 2255 motion as time-barred.

It is therefore

**ORDERED** that Waters' motion to vacate, set aside, or correct his sentence under § 2255, docket number 217, is summarily dismissed.  It is further

**ORDERED** that a certificate of appealability is denied because Waters has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 2, 2013


**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.